IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Justin Saunders

    Plaintiff,

v.

Kenneth Valverde, et al.

    Defendants.

Case No. 2:12-cv-238

Judge Graham

Magistrate Judge Kemp

OPINION AND ORDER

This matter is before the court on a motion to dismiss pursuant to Fed. R. Civ. Pro. 12(b)(6) and 12(b)(1) filed by defendant Harold Kolsky (Doc. 10). Plaintiff Justin Saunders brings a ten-count complaint alleging, *inter alia*, that Kolsky and nine other individual defendants arrested, searched, and charged him with crimes in violation of the 1st, 4th, and 14th Amendments to the United States Constitution and various state laws.

## I. Factual Background

This litigation stems from events surrounding plaintiff's arrest after midnight on March 18, 2010. (Complaint, Doc. 2 ¶ 18.) Saunders and several friends and relatives were "enjoying a libation" at Clancy's Pub in Delaware, Ohio, when Saunders noticed "several police officers [who] seemed to be rousting his younger brother, Wiliam." Id. ¶¶ 18-20. Plaintiff approached the officers and "questioned the manner and misconduct which the police were using in order to harass his brother . . . ." Id. ¶ 21. In response to his query, plaintiff alleges that someone from the group of police officers grabbed him from behind and forced his head through a plate glass window in the front of the pub. Id. ¶ 25. Defendant Curtis Whittaker allegedly bound the plaintiff and pushed him to the ground, lacerating his face, arms, torso, and upper body. Id. ¶¶ 25-27. Though plaintiff

1

specifies that defendant Whittaker bound his arms and pushed him to the ground, he alleges more generally that "[d]efendant Whittaker and/or Defendant Valverde, and/or other Defendants" initially grabbed him and pushed his head through the window. Id. ¶¶ 24, 25. Plaintiff was arrested and placed in a jail cell at the Delaware Police Department. Id. ¶ 36. He claims that he requested and was denied medical attention for his lacerations. Id.

Plaintiff brings this complaint against Kolsky and ten other defendants–nine law-enforcement officers and the City of Delaware, Ohio. The complaint alleges that defendant Kolsky is "an Enforcement Agent for the State of Ohio, Department of Liquor Control . . . ." Id. ¶ 46. The complaint's ten counts allege that defendants (I) used excessive force against plaintiff; (II) unlawfully arrested him; (III) unlawfully searched him; (IV) unlawfully seized him; (V) engaged in a conspiracy to violate various rights belonging to plaintiff; (VI) engaged in the Ohio tort of abuse of process; (VII) were deliberately indifferent to plaintiff's medical needs; (VIII) violated plaintiff's due process rights; (IX) are subject to municipal liability; and (X) retaliated against plaintiff for exercising rights guaranteed by the First Amendment. Id. at 37-46. In the motion before the court, defendant Kolsky argues that the claims against him must be dismissed because they are barred by the sovereign immunity of the State of Ohio and because plaintiff has failed to state a claim against him on which the court may grant relief. (Motion to Dismiss, Doc. 10.)

**II.     Legal Standard**

Federal Rule of Civil Procedure 8(a) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When considering a motion under Rule 12(b)(6) to dismiss a pleading for failure to state a claim, a court must determine whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A court should construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true. Iqbal, 556 U.S. at 679; Erickson v. Pardus, 551 U.S. 89, 93-94 (2007); Twombly, 550 U.S. at 555-56.

Despite this liberal pleading standard, the "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678; see also Twombly, 550 U.S. at 555, 557 ("labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do," nor will "naked assertion[s]" devoid of "further factual enhancements"); Papasan v. Allain, 478 U.S. 265, 286 (1986) (a court is "not bound to accept as true a legal conclusion couched as a factual allegation"). The plaintiff must provide the grounds of his entitlement to relief "rather than a blanket assertion of entitlement to relief." Twombly, 550 U.S. at 556 n.3. Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679.

When the complaint does contain well-pleaded factual allegations, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678. Though "[s]pecific facts are not necessary," Erickson, 551 U.S. at 93, and though Rule 8 "does not impose a probability requirement at the pleading stage," Twombly, 550 U.S. at 556, the factual allegations must be enough to raise the claimed right to relief above the speculative level and to create a reasonable expectation that discovery will reveal evidence to support the claim. Iqbal, 556 U.S. at 678-79; Twombly, 550 U.S. at 555-56. This inquiry as to plausibility is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere

3

possibility of misconduct, the complaint has alleged – but it has not 'show[n]'– 'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

**III.     Analysis**

Sovereign Immunity

Defendant Kolsky argues that "Plaintiff's suit against an agent of the state in his official capacity is simply another way of pleading a claim against the state of Ohio" and that such a claim must be dismissed in the absence of the consent of the state to suit. (Doc. 10 at 4 (citing Will v. Michigan Dep. of State Police, 491 U.S. 58, 64 (1989)).) Defendant is correct that Kolsky, in his official capacity (and the State of Ohio), may not be sued absent state consent. To the extent that the plaintiff asserts claims against Kolsky in his official capacity, they are dismissed. However, for each count, plaintiff brings suit against Kolsky in both his individual and official capacities. (Doc. 2 ¶ 12.)

Factual Sufficiency of the Pleadings Related to Counts I - IV

Kolsky argues that plaintiff's first four counts, for excessive force, unlawful arrest, unlawful search, and unlawful seizure, must all be dismissed because plaintiff has failed to plead facts that would support his claim. "Plaintiff relies on generalities in an attempt to encapsulate all Defendants. Plaintiff's pleading also lacks any particularized facts beyond stating the elements of the claim couched as facts, which is insufficient under Iqbal." (Doc. 10 at 6.) For many of the key facts, the complaint alleges that Whittaker and Valverde "and/or other defendants" took a specific action. For example, the complaint alleges that "[w]hile physically assaulting the Plaintiff, Defendant Whittaker and/or Defendant Valverde, and/or other Defendants, forced the Plaintiff's head through a plate glass window in front of the Clancy's Pub." (Doc. 10 at 8.) Alleging generally that "other defendants" took an action is insufficient to allege that any one of eight possible defendants took the action. This is especially true where the act alleged is not one that plausibly could have been performed by a large number of people simultaneously. In order to put a specific defendant on notice that they are included in an allegation, they must be specifically included, rather than included as a part of a large

4

group of defendants. Cf. Gregg v. Ohio Dep't of Youth Servs., 661 F.Supp.2d 842, 858 (S.D. Ohio 2009) (the complaint must "affirmatively plead the personal involvement of a defendant in the allegedly unconstitutional action.").

With this standard in mind, plaintiff's allegation that "Defendant Whittaker and/or Defndant Valverde, and/or other Defendants, forced the Plaintiff's head through a plate glass window . . ." (Doc. 2 ¶ 25) is not sufficient to state an excessive force claim against defendant Kolsky. If the plaintiff seeks to allege that defendant Kolsky put his head through the window, he must do so plainly. Nor is the allegation that Kolsky "used excessive and unreasonable force against the Plaintiff" (Doc. 2 ¶ 110) any more than a conclusory statement that is insufficient under Iqbal, 556 U.S. at 678. In order to state a claim for excessive force, the plaintiff must allege that defendant Kolsky took *some action* that plausibly constituted the use of excessive force.

For other counts the complaint includes more specific allegations. Plaintiff alleges that defendant Kolsky threatened to arrest the plaintiff, that he did arrest the plaintiff without probable cause, and that he then unreasonably searched the plaintiff. (Doc. 2 ¶¶ 107-09.) Factual allegations that defendant Kolsky took these specific actions are sufficient to support counts II, III, and IV for unlawful arrest, search, and seizure.

Defendant Kolsky also argues that because the plaintiff was subsequently convicted of disorderly conduct, his unlawful arrest, unlawful search, and unlawful seizure claims must be dismissed. (Doc. 10 at 6-9.) However, because plaintiff alleges that the conviction is for actions that he took subsequent to his arrest and search, that conviction may not serve as a finding of probable cause for the prior seizure, search, and arrest of the plaintiff. (Doc. 2 ¶ 168.)

Conspiracy (Count V)

Plaintiff alleges that all ten individual defendants "conspired to deprive [him] of his day in Court, and violated his civil rights in violation of 42 U.S.C. § 1985, and/or 42 U.S.C. § 1983 . . . ." As defendant argues, a conspiracy under 42 U.S.C. § 1985 must be motivated by some class-based animus. Smith v. Thornburg, 136 F.3d 1070, 1078 (6th Cir. 1998). The complaint fails to allege that

5

the plaintiff was a member of any class that motivated the defendants to deprive him of his rights. Defendant further argues that plaintiff has failed to plead with sufficient specificity to state a claim for a conspiracy under 42 U.S.C. § 1983. Under § 1983, "[a]ll that must be shown is that there was a single plan, that the alleged coconspirator shared in the general conspiratorial objective, and that an overt act was committed in furtherance of the conspiracy that caused injury to the complainant." Hooks v. Hooks, 771 F.2d 935, 944 (6th Cir. 1985). Further, "[i]t is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state a claim under § 1983." Gutierrez v. Lynch, 826 F.2d 1534, 1538 (6th Cir. 1987).

Here, plaintiff has alleged that defendant Kolsky and the nine other individual defendants verbally agreed on a story that they would use to falsely charge plaintiff with crimes, and that they did this in order to secure a fraudulent conviction of plaintiff. (Doc. 2 ¶ 112.) These claims are specific to defendant Kolsky, alleging that he and each of the other nine individual defendants spoke with eachother "about spurious language they would need to put into the police reports they would submit in this case in order to falsely charge the Plaintiff as a means of covering up the excessive force used against the Plaintiff . . . ." (Doc. 2 ¶ 112.) This specific allegation is sufficient to make plaintiff's allegation that Kolsky joined a conspiracy plausible.

Due Process / Malicious Prosecution (Counts VI and VIII)

Counts VI and VIII allege due process violations. "Due process claims are to be handled in two steps: first, this court asks whether a liberty or property interest exists that has been interfered with by the state; second, it determines whether the procedures attendant upon that deprivation were constitutionally sufficient." Miller v. Lorain County Bd. of Elections, 141 F.3d 252, 259 (6th Cir. 1998) (citing Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 459 (1989)).

Here, it is unclear what interest the plaintiff claims he was deprived of without adequate process. "The Plaintiff was arrested, detained, searched, incarcerated and/or charged with criminal offenses and thereafter tried, without due process of law, in violation of the Plaintiff's Fourteenth

6

Amendment Due Process Rights . . . ." (Doc. 2 ¶ 179 (emphasis added).) The reasonableness of arrest, detention, and search are matters to be examined under the Fourth Amendment, as contemplated by Counts I-IV. See Virginia v. Moore, 553 U.S. 164, 171 (2008). Plaintiff further claims that he was "charged with criminal offenses *and thereafter tried* . . . ." (Doc. 2 ¶ 179.) A trial (at which plaintiff was acquitted of most charges) is the process to which an individual charged with a crime is entitled. Plaintiff identifies no deficiency in that process that would support his due process claims.

Count VI, labeled "Fourteenth Amendment Due Process Violations Under 42 U.S.C. § 1983: Abuse of Process," suggests three legal theories other than due process. First, it suggests a § 1983 cause of action based on "abuse of process." However, § 1983 provides a remedy for deprivations of rights secured by the federal Constitution and laws, not state laws. Huron Valley Hosp., Inc. v. City of Pontiac, 887 F.2d 710, 714 (1989). Abuse of process is an Ohio tort, and therefore cannot support a § 1983 claim.

The second possible legal theory presented by Count VI is that plaintiff seeks to make an Ohio abuse of process claim directly. An abuse of process claim has three elements:

> (1) that a legal proceeding has been set in motion in proper form and with probable cause; (2) that the proceeding has been perverted to attempt to accomplish an ulterior purpose for which it was not designed; and (3) that direct damage has resulted from the wrongful use of process.

Yaklevich v. Kemp, Schaeffer & Rowe Co., L.P.A. 626 N.E.2d 115, 118 (Ohio 1994). Here, plaintiff has not alleged that the legal proceeding was set in motion with probable cause–just the opposite. (Doc. 2 ¶ 140.) Therefore the complaint has not stated a claim for abuse of process.

Finally, though not labeled as such, Count VI appears to assert a claim for malicious prosecution. (See Doc. 2 ¶ 167.) Malicious prosecution[1] requires "(1) malice in instituting or

---

[1] Plaintiff asserts that "[m]uch to this Defendant's chagrin, malicious prosecution claims may be brought under either federal or state law." (Doc. 13 at 6.) The cases cited by plaintiff to support this proposition instead support the uncontroversial idea that a federal district court, exercising legitimate federal question jurisdiction, may exercise supplemental jurisdiction over related state law claims. See, e.g., Voyticky v. Village of Timberlake, Ohio, 412 F.3d 669, 674-75 (6th Cir. 2005); see also 28 U.S.C. §§ 1331, 1367. Nonetheless, "[a]lthough [the Sixth Circuit

continuing the prosecution, (2) lack of probable cause, and (3) termination of the prosecution in favor of the accused." Baryak v. Kirkland, 739 N.E.2d 873, 876 (Ohio App. 2000). Plaintiff has alleged that defendant Kolsky (1) "threatened to arrest, and then arrest[ed] the Plaintiff, for voicing his concerns over the unprofessional conduct undertaken by the Defendants . . . " (Doc. 2 ¶ 108); (2) without probable cause (Doc. 2 ¶ 107); and (3) that he was ultimately acquitted of the relevant charges (Doc. 2 ¶ 168). These allegations support plaintiff's claim for malicious criminal prosecution.

Deliberate Indifference (Count VII)

In Count VII, plaintiff alleges that "Defendants . . . were deliberately indifferent to the serious medical needs of the Plaintiff, while the Plaintiff was in Defendants' custody . . . in violation of the Plaintiff's Eighth Amendment United States Constitutional rights to be free from cruel and unusual punishment." (Doc. 2 ¶ 173.) As defendant Kolsky argues, a deliberate indifference claim brought by a pre-trial detainee falls under the Fourteenth Amendment, not the Eighth. Phillips v. Roane County, Tenn., 534 F.3d 531, 539 (6th Cir. 2008) ("The Eighth Amendment's prohibition on cruel and unusual punishment generally provides the basis to assert a § 1983 claim of deliberate indifference to serious medical needs, but where that claim is asserted on behalf of a pre-trial detainee, the Due Process Clause of the Fourteenth Amendment is the proper starting point."). Plaintiff's reference to the Eighth rather than the Fourteenth Amendment does not require dismissal of his deliberate indifference claim.

Defendant Kolsky also argues that plaintiff's complaint is factually insufficient to make Kolsky's involvement plausible. See Iqbal, 556 U.S. at 679. Plaintiff alleges generally that defendants were deliberately indifferent to his requests for medical care while he was in a jail cell at the Delaware, Ohio Police Department. (Doc. 2 ¶ 36.) The complaint also alleges that defendant Kolsky is "an Enforcement Agent for the State of Ohio, Department of Liquor Control." (Doc. 2

---

Court of Appeals] has yet to resolve the elements of a malicious prosecution claim," it has held that one exists under the Fourth Amendment. Thacker v. City of Columbus, 328 F.3d 244, 259 (2003).

¶ 46.) Plaintiff alleges no facts to make it plausible that Kolsky, a law enforcement officer of the State of Ohio, had either the ability or the duty to provide medical care to a detainee in the custody of Delaware Police Department. Nor does he include any factual allegations that suggest *how* Kolsky was deliberately indifferent. For this reason, count VII fails to state a claim against defendant Kolsky.

Municipal Liability (Count IX)

Defendant Kolsky seeks dismissal of Count IX for Municipal Liability. The complaint does not include Kolsky in Count IX, and does not allege that he is involved in municipal liability.

First Amendment Retaliation (Count X)

In Count X, plaintiff alleges that the defendants retaliated against him for speaking out against their treatment of his brother. (Doc. 2 ¶ 186.) Defendant presents two arguments that this claim fails: that Saunders was not engaged in a constitutionally protected activity, and that the factual allegations in the complaint are insufficient to support the claim. (Doc. 10 at 15.) Defendant Kolsky's argument that plaintiff was not engaged in conduct protected by the First Amendment appears to rest on his characterization of plaintiff's speech as "verbally assault[ing] an officer and obstruct[ing] justice." (Doc. 10 at 16.) However, the complaint portrays plaintiff's speech in a much different light. (See, e.g., Doc. 2 ¶ 23.) Defendant's characterization of the speech as a verbal assault appears to be based on the faulty assumption that plaintiff's conviction for disorderly conduct demonstrates that he "verbally assault[ed] an officer and obstruct[ed] justice."[2] (Doc. 10 at 16.) But plaintiff alleges that he was engaged in speech about the actions of government agents. These allegations make plaintiff's claim that he was engaged in an activity protected by the First Amendment plausible. See McCurdy v. Montgomery County, Ohio, 240 F.3d 512, 520 (6th Cir. 2001) ("There can be no doubt that the freedom to express disagreement with state action, without fear of reprisal based on the expression, is unequivocally among the protections provided by the First

---

[2] Plaintiff's complaint does not support this assumption. Plaintiff asserts that his conviction for disorderly conduct was for urinating in his jail cell, not for any verbal assault. (Doc. 13 at 4; see also Doc. 2 ¶ 168.)

9

Amendment.").

Nor does Defendant Kolsky's second argument, that the factual allegations in the complaint are insufficient, require dismissal of Count X against Kolsky at this stage. Plaintiff alleges that defendant Kolsky threatened to arrest him and then arrested him, without probable cause to do so, in retaliation for plaintiff's criticism of police officers. (Doc. 2 ¶¶ 107-08.) These specific facts alleged regarding defendant Kolky's actions and motivation are sufficient to support plaintiff's First Amendment retaliation claim.

**IV.      Conclusion**.

Based on the foregoing reasons, defendant Kolsky's motion to dismiss (Doc. 10) is GRANTED with respect to Counts I, VII, VIII, and IX, and DENIED with respect to Counts II, III, IV, V, VI, and X.

IT IS SO ORDERED.

S/ James L Graham  
James L. Graham  
UNITED STATES DISTRICT JUDGE

Date: July 17, 2012