IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Justin Saunders,

        Plaintiff,

    v.

Kenneth Valverde, et al.,

        Defendants.

Case No. 2:12-cv-238

Judge Graham

Magistrate Judge Kemp

OPINION AND ORDER

This matter is before the court on a motion for partial judgment on the pleadings pursuant to Fed. R. Civ. Pro. 12(c) filed by defendants Kenneth Valverde, Curtis Whittaker, James Ailes, Robert Penrod, John Hartman, Dave Sturman, and Russ Martin. (Doc. 36). Plaintiff Justin Saunders brings a ten-count complaint alleging, *inter alia*, that moving defendants and two other individual defendants arrested, searched, and charged him with crimes in violation of the 1st, 4th, and 14th Amendments to the United States Constitution and various state laws.

**I.    Procedural Background**

In a prior order (doc. 26), the Court granted in part and denied in part defendant Harold Kolsky's motion to dismiss under Fed. R. Civ. Pro. 12(b)(6). Moving defendants seek to apply the findings and reasoning of that order to achieve dismissal of some of the plaintiff's claims against them.

The Court's prior order dismissed four counts against defendant Kolsky: Count I for excessive force; Count VII for deliberate indifference to plaintiff's medical needs; Count VIII for violation of plaintiff's due process rights; and Count IX for municipal liability. The Court denied the motion with regard to Count V for conspiracy, holding that the plaintiff had stated a claim under

1

42 U.S.C. § 1983, but not under § 1985. The Court also denied the motion with regard to Count VI, holding that the plaintiff had not stated a claim for abuse of process, but had stated a claim for malicious prosecution.

Defendants Ailes, Penrod, Hartman, Sturman, and Martin move for dismissal of Count I for excessive force. All seven moving defendants–Ailes, Penrod, Hartman, Sturman, Martin, Valverde, and Whittaker–seek dismissal of Count VIII for due process violations, Count V to the extent it rests upon a violation of 42 U.S.C. § 1985, and Count VI to the extent that it seeks to state a claim for abuse of process.

## II.     Factual Background

This litigation stems from events surrounding plaintiff's arrest after midnight on March 18, 2010. (Complaint, Doc. 2 ¶ 18.) Saunders and several friends and relatives were "enjoying a libation" at Clancy's Pub in Delaware, Ohio, when plaintiff noticed "several police officers [who] seemed to be rousting his younger brother, William." Id. ¶¶ 18-20. Plaintiff approached the officers and "questioned the manner and misconduct which the police were using in order to harass his brother . . . ." Id. ¶ 21. In response to his query, plaintiff alleges that someone from the group of police officers grabbed him from behind and forced his head through a plate glass window in the front of the pub. Id. ¶ 25. Defendant Curtis Whittaker allegedly bound the plaintiff and pushed him to the ground, lacerating his face, arms, torso, and upper body. Id. ¶¶ 25-27. Though plaintiff specifies that defendant Whittaker bound his arms and pushed him to the ground, he alleges more generally that "[d]efendant Whittaker and/or Defendant Valverde, and/or other Defendants" initially grabbed him and pushed his head through the window. Id. ¶¶ 24, 25. Plaintiff was arrested and placed in a jail cell at the Delaware Police Department. Id. ¶ 36. He claims that he requested and

was denied medical attention for his lacerations.  Id.

Plaintiff brings this complaint against ten defendants–the seven movants and three other defendants.  The moving defendants are police officers for the City of Delaware, Ohio, and the Chief of Police.  (Doc. 2 at 10-11.)

## II.     Legal Standard

Federal Rule of Civil Procedure 8(a) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  When considering a motion under Rule 12(b)(6) to dismiss a pleading for failure to state a claim, a court must determine whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A court should construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true.  Iqbal, 556 U.S. at 679; Erickson v. Pardus, 551 U.S. 89, 93-94 (2007); Twombly, 550 U.S. at 555-56.

Despite this liberal pleading standard, the "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Iqbal, 556 U.S. at 678; see also Twombly, 550 U.S. at 555, 557 ("labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do," nor will "naked assertion[s]" devoid of "further factual enhancements"); Papasan v. Allain, 478 U.S. 265, 286 (1986) (a court is "not bound to accept as true a legal conclusion couched as a factual allegation").  The plaintiff must provide the grounds of his entitlement to relief "rather than a blanket assertion of entitlement to relief."  Twombly, 550 U.S. at 556 n.3.  Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth."  Iqbal, 556 U.S. at 679.

When the complaint does contain well-pleaded factual allegations, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678. Though "[s]pecific facts are not necessary," Erickson, 551 U.S. at 93, and though Rule 8 "does not impose a probability requirement at the pleading stage," Twombly, 550 U.S. at 556, the factual allegations must be enough to raise the claimed right to relief above the speculative level and to create a reasonable expectation that discovery will reveal evidence to support the claim. Iqbal, 556 U.S. at 678-79; Twombly, 550 U.S. at 555-56. This inquiry as to plausibility is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]'– 'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

### III. Analysis

Excessive Force (Count I)

The Court's prior order dismissed Count I against defendant Kolsky because the complaint did not specifically allege that Kolsky had taken any action that would support a claim for excessive force. Instead, the complaint alleged "generally that 'other defendants' took an action . . . ." (Doc. 26 at 4.) The Court held that this general allegation was "insufficient to allege that any one of eight possible defendants took the action." (Doc. 26 at 4.) The Court dismissed Count I against defendant Kolsky because the complaint had not "affirmatively plead [his] personal involvement . . . in the allegedly unconstitutional action." Gregg v. Ohio Dep't of Youth Servs., 661 F.Supp.2d 842, 858 (S.D. Ohio 2009).

As movants argue, the same logic applies to defendants Ailes, Penrod, Hartman, Sturman, and Martin. As with defendant Kolsky, the complaint includes no specific, non-conclusory allegations that could support an excessive force claim against defendants Ailes, Penrod, Hartman,

4

Sturman, or Martin.

Due Process (Count VIII)

The Court's prior order dismissed Count VIII against defendant Kolsky which alleged a due process violation. The Court held that because plaintiff alleged that he had been tried in a court of law, he had not stated a due process claim arising from the charges for which he was tried: "A trial (at which plaintiff was acquitted of most charges) is the process to which an individual charged with a crime is entitled." (Doc. 26 at 7.) The same logic applies to Count VIII as applied to each of the seven moving defendants.

Conspiracy (Count V)

In the prior order, the Court denied defendant Kolsky's motion to dismiss Count V for conspiracy, but held that the complaint did not state a claim for conspiracy under 42 U.S.C. § 1985 because "[t]he complaint fails to allege that the plaintiff was a member of any class that motivated the defendants to deprive him of his rights," as required by Section 1985. (Doc. 26 at 5-6.) The same logic applies to all moving defendants. As in the previous order, this holding does not require dismissal of Count V. In addition to Section 1985, Count V asserts a conspiracy under 42 U.S.C. § 1983, which requires no class-based animus. (See doc. 26 at 5-6.)

Abuse of Process (Count VI)

Similarly, the Court's prior order denied defendant Kolsky's motion to dismiss Count VI, holding that complaint had stated a claim for malicious prosecution. (Doc. 26 at 7.) The court concluded that the complaint had not stated a claim for abuse of process because the "plaintiff has not alleged that the legal proceeding was set in motion with probable cause–just the opposite." (Doc. 26 at 7.) The same logic applies to the claims brought against moving defendants.

Plaintiff's Arguments Regarding the Joint Motion

Though his legal argument is difficult to follow, plaintiff seems to object to seven defendants moving jointly for partial dismissal, or as he puts it, "in bulk." (Doc. 41 at 6.) Plaintiff's objection to the joint motion is that "at no point do the Defendants differentiate any facts that may be

attributable and personal to any individual Defendant." (Doc. 41 at 5.)  This argument is premised on a faulty understanding of the posture of the case.  The Court will construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true.  Iqbal, 556 U.S. at 679; Erickson v. Pardus, 551 U.S. 89, 93-94 (2007); Twombly, 550 U.S. at 555-56.  But the burden of producing such factual allegations lies solely with the plaintiff.  Here, the plaintiff includes identical, general, and threadbare allegations for many defendants.  Where the plaintiff has declined to differentiate between numerous defendants, the defendants are under no obligation to do so.

**IV.     Conclusion**.

Based on the foregoing reasons, the motion for partial judgment on the pleadings brought by defendants Valverde, Whittaker, Ailes, Penrod, Hartman, Sturman, and Martin is GRANTED.

IT IS SO ORDERED.

        S/ James L  Graham  
        James L. Graham  
        UNITED STATES DISTRICT JUDGE

Date: October 11, 2012